IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02105-MSK-PAC

TRUSTEES OF THE COLORADO CONTRACTORS TRUST, and
TRUSTEES OF THE COLORADO CONTRACTORS OPEN SHOP EMPLOYERS MASTER
RETIREMENT TRUST,

      Plaintiff(s),

v.

MARQUO, INC., a Colorado corporation,
MOUNTAIN AGGREGATES, INC., a Colorado corporation, and
LEROY MARQUEZ, an individual,

      Defendant(s);

L.B. FOSTER COMPANY, a Pennsylvania corporation,

      Intervenor.

_____

## ORDER, ORDER DENYING MOTION FOR STAY, AND RECOMMENDATION FOR ADMINISTRATIVE CLOSURE

_____

Patricia A. Coan, Magistrate Judge

      This is an ERISA fringe benefits case.  It was referred to the undersigned in an

October 23, 2003 Order of Reference for pretrial case management.

I.

      On July 19, 2004,  judgment was entered against defendants Marquo, Inc. and

Larry Marquez, jointly and severally and in favor of plaintiff Colorado Contractors Trust,

in the amount of $334,030.35; against defendants Mountain Aggregates and Larry

03-cv-02105-MSK-PAC
November 3, 2005

Marquez, jointly and severally, and in favor of plaintiff Colorado Contractors Trust in the

amount of $15,031.58; against Marquo, Inc. and Larry Marquez,  jointly and severally

and in favor of plaintiff Colorado Contractors Open Shop Employers Master Retirement

Trust  in the amount of $75,512.28; and against defendants Mountain Aggregates, Inc.

and Larry Marquez, jointly and severally and in favor of plaintiff Colorado Contractors

Open Shop Employers Master Retirement Trust in the amount of $4,934.29.  Attorney

fees of $15,764.24 and $12,241.01 were awarded on September 2, 2004.

L.B. Foster Company was garnished in furtherance of plaintiffs' collection of the

judgments entered, and filed two Answers to two Writs of Garnishment, in which L.B.

Foster stated that Marquo, Inc. owed L.B. Foster approximately $570,589 and that

therefore L.B. Foster did not owe Marquo any money on the dates served, and asserted

other defenses.  Plaintiffs did not file traverses to the answers.[1]

On December 22, 2004, plaintiffs moved for an Order to Assign Assets and for

an Accounting by Plaintiffs Trustees of Colorado Contractors Trust Fund, Colorado

Contractors Open Shop Employers Master Retirement Trust directed to L. B. Foster.

On January 27, 2005 , I recommended that the motion be granted.  The

Recommendation was construed as an Order by the District Judge and entered on

February 11, 2005.

---

[1] Under Colo.R.Civ.P. 103, §8, failure to file a timely Traverse is deemed an acceptance of the Answer.

2

03-cv-02105-MSK-PAC
November 3, 2005

Meanwhile, on January 28, 2005, L.B. Foster moved to intervene with respect to the Order on the assignment of assets.  In its motion, L.B. Foster stated that L.B. Foster contracted with Marquo, Inc. for Marquo, Inc.  to provide certain concrete materials for the T-Rex project. L.B. Foster asserted that it did not owe Marquo any money and did not have any of Marquo's assets.  L.B. Foster's Motion to intervene was granted on September 28, 2005.

At the hearing held on September 28, 2005, L.B. Foster reasserted its position, which had not changed.  L.B. Foster further advised  that it not only did not owe any money to Marquo, Inc., but it would not owe any money to Marquo, Inc. in the future because Marquo had not performed any more work on the T-Rex project and would not be performing any more work on the project.  See Minutes/ Minute Order of Sept. 28, 2005.

II.

On October 25, 2005,  plaintiffs and L.B. Foster moved for a stay of the January 27, 2005 Order and for stay of reconsideration of that order.   They ask for an order: staying the  January 27, 2005 Order granting the Trustees' motion for accounting and assignment regarding  L.B. Foster;  staying the Court's determination of L.B. Foster's objections and the deadline for the Trustees' filing of its responses to those objections; and stating that the Trustees may lift the stay by filing notice of same with the Court, in which event L.B. Foster shall have 14 days from the date of service of the notice on

03-cv-02105-MSK-PAC
November 3, 2005

L.B. Foster to renew its objections to the January 27, 2005 order if it so chooses, and

the Trustees shall have 20 days after service of L.B. Foster's notice of renewal of

objections to file the Trustees' response to L.B. Foster Company's Objection to January

27, 2005 Recommendation of United States Magistrate Judge.

Plaintiffs and L.B. Foster further state in the same motion that they would not

object to administrative closure pursuant to Local Rule 41.2 for a period of three years,

subject to reopening in the interim for good cause.

III.

Since L.B. Foster has not, for the last ten months, had any money or other

assets owed to Marquo or Larry Marquez, and since there is no present indication that

L.B. Foster  will ever have any money or other assets owed to Marquo, Inc.  or

Marquez, it would be a waste of judicial resources to simply stay this action.  Plaintiffs

and Intervenor do not object to administrative closure.   Accordingly, it is hereby

**ORDERED** that the October 25, 2005 Unopposed Motion of Plaintiff [sic] and

Intervenor for Stay of Proceedings Regarding Intervenor, Doc. # 83 is **DENIED**.  It is

further

**ORDERED** that plaintiff's October 31, 2005 Unopposed Motion for Extension of

Time, Doc. #85 is **DENIED**.  It is further

**ORDERED** that any remaining deadlines in this matter are **VACATED**.  It is

03-cv-02105-MSK-PAC
November 3, 2005

further

**RECOMMENDED** that: 1) this matter be **administratively closed** under

D.C.Colo.L.Civ.R. 41.2, subject to reopening for good cause; and 2) remaining pending

motions, if any, be denied without prejudice.

**Within ten days after being served with a copy of the proposed findings**

**and recommendation, any party may serve and file written objections to the**

**proposed findings and recommendation with the Clerk of the United States**

**District Court for the District of Colorado.  The district court judge shall make a**

**determination of those portions of the proposed findings or specified**

**recommendation to which objection is made.  The district court judge may**

**accept, reject, or modify, in whole or in part, the proposed findings or**

**recommendations made by the magistrate judge.  The judge may also receive**

**further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's**

**recommendation may result in a waiver of the right to appeal from a judgment of**

**the district court based on the findings and recommendations of the magistrate**

**judge.**

Dated this 3rd day of November 2005.          BY THE COURT:
                                              s/Patricia A. Coan
                                              PATRICIA A. COAN
                                              United States Magistrate Judge

5