IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-02105-MSK-PAC

TRUSTEE OF THE COLORADO CONTRACTORS TRUST, and
TRUSTEES OF THE COLORADO CONTRACTORS OPEN SHOP EMPLOYERS MASTER RETIREMENT TRUST,

    Plaintiffs,

v.

MARQUO, INC., a Colorado corporation,
MOUNTAIN AGGREGATES, INC., a Colorado corporation, and
LEROY MARQUEZ, an individual,

    Defendants,

and

L.B. FOSTER COMPANY, a Pennsylvania corporation,

    Intervenor.

## ORDER SUSTAINING, IN PART, OBJECTION TO MAGISTRATE JUDGE'S ORDER, VACATING ASSIGNMENT ORDER, AND ADMINISTRATIVELY CLOSING THIS CASE

THIS MATTER comes before the Court on Intervenor L.B. Foster Company's Objection to Magistrate Judge's Order Denying Motion for Stay and Recommendation for Administrative Closure **(#88, #89)**.  No party has responded to this objection.

### I. Jurisdiction

For purposes of determining the pending matter, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

The Plaintiffs in this case are Trustee of the Colorado Contractors Trust and Trustees of the Colorado Contractors Open Shop Employers Master Retirement Trust (hereinafter, "the Trustees"). They asserted claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants Marquo, Inc., Mountain Aggregates, Inc., and Leroy Marquez (hereinafter, "the Employers"), for the failure to make contributions to several ERISA plans in accordance with Employer Participation and Trust Agreements.

The Court entered a default judgment in favor of the Trustees and against the Employers. Subsequently, the Trustees filed a motion **(#29)** pursuant to Fed. R. Civ. P. 69 and 4.1 asking the Court to appoint the United States Marshal to serve garnishment/execution documents in this matter. The Magistrate Judge granted the motion. Following service of these documents, L.B. Foster Company (hereinafter, "Foster") filed several Answers to Writ of Garnishment, stating that it possessed or controlled no personal property of the Employers and owed no rents, payments, obligations, debts or money to the Employers.

The Trustees then filed a Motion to Assign Assets and for an Accounting **(#50)** pursuant to Fed. R. Civ. P. 69(a). They sought an order entitling them to any contractual receipts payable to the Employers, including any amounts owed by Foster to the Employers. They also sought an order requiring Foster to directly pay them any such amounts, as specifically determined following an accounting. The Magistrate Judge granted the motion (hereinafter, "the Assignment Order") **(#60)**.

Foster then moved to intervene **(#61)**. It argued that the Assignment Order was not permitted by law and was contrary to its right of set-off. It then argued that it should be allowed

2

to intervene as a matter of right. The Trustees opposed the motion, contending that Foster lacked standing to intervene.

Foster then sought leave **(#66)** to object to the Assignment Order. It filed a lengthy objection **(#69)** in which it argued: (1) the exclusive means for executing upon the Employers' property in the hands of Foster is a writ of garnishment; (2) the Magistrate Judge exceeded her authority in ordering Foster to make payments directly to the Trustees; (3) the Assignment Order failed to take into account Foster's set-off rights; and (4) there is no legal authority to order an ongoing accounting.

The Trustees moved **(#74)** to strike the objection on the basis that Foster had not yet been allowed to intervene. Foster opposed the motion.

The Magistrate Judge held a hearing on all outstanding matters. At such hearing, she granted Foster's motion to intervene. She then denied Foster's request to file an objection as premature, and denied the Trustees' motion to strike. She stated that she would reconsider her prior order, taking into account Foster's objections, and set a deadline for the Trustees to respond to the objections.

Foster then filed an unopposed motion **(#83)** to stay the Assignment Order. Such motion specifically requested an order:

(1)  staying the Assignment Order;

(2)  staying the Court's determination of Foster's objections to the Assignment Order and the deadline for the Trustees to file a response to such objections;

(3)  granting the Trustees the right to lift the stay by filing a notice with the

> Court, in which event Foster would have 14 days to renew its objections to the Assignment Order and the Trustees would have 20 days to further respond.

Foster represented that the parties would not object to administrative closure of this action for a period of three years.

The Magistrate Judge denied the motion for a stay, stating that because Foster "has not, for the last ten months, had any money or other assets owed to [the Employers], and since there is no present indication that L.B. Foster will ever have any money or other assets owed to [the Employers], it would be a waste of judicial resources to simply stay this action." She also recommended that the case be administratively closed, subject to reopening for good cause, and that any remaining pending motions be denied without prejudice **(#87)**.

Foster now objects **(#88, #89)** to this order and recommendation. Specifically, it objects to an administrative closure of this case without an accompanying stay of the Assignment Order. It contends that the Magistrate Judge's ruling is erroneous because there is a theoretical possibility that it will someday be deemed to owe money to the Employers, and as long as the Assignment Order is in effect, its rights are not protected. It also states that its agreement to an administrative closure was tied to its request for a stay of the Assignment Order. No party has responded to Foster's objections.

### III. Issue Presented

At this juncture, the Court is not asked to determine whether the Assignment Order was proper. Indeed, the Magistrate Judge was in the process of reconsidering such order at the time Foster moved for a stay and administrative closure. In its motion, Foster expressly requested that

4

no determination be made on that issue. Instead, the Court must determine whether the Magistrate Judge's order denying Foster's unopposed request to stay the Assignment Order was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

## IV.  Analysis

The Court concludes that the parties' amenability to administrative closure was contingent upon "staying" the effect of the Assignment Order. In essence, the parties reached a mutually agreeable solution to the matter at hand. In line with the parties' agreement, it would be clearly erroneous to administratively close this case without also addressing the continued effect of the Assignment Order.

Foster asks that the Assignment Order be given no effect, and the Trustees do not oppose such request. The Court treats this as a request to vacate the Assignment Order. Therefore, the Court vacates such order and administratively closes this case. The Trustees may move to reopen the case and may renew any motion for an assignment order at such time. Any such motions must be served on all parties, including Foster. Foster will then have an opportunity to respond to any motions before issuance of an order.

**IT IS THEREFORE ORDERED** that:

(1)     Foster's objections **(#88, #89)** to the Magistrate Judge's Order and Recommendation **(#87)** are **SUSTAINED, IN PART**.

(2)     The Assignment Order **(#60)** is **VACATED**.

(3)     This case is administratively closed.

Dated this 26th day of April, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge